Slip Op. 21-131

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GODACO SEAFOOD JOINT STOCK COMPANY, | |
|     Plaintiff, | |
| and | |
| CAN THO IMPORT-EXPORT JOINT STOCK COMPANY, GOLDEN QUALITY SEAFOOD CORPORATION, VINH QUANG FISHERIES CORPORATION, NTSF SEAFOODS JOINT STOCK COMPANY, GREEN FARMS SEAFOOD JOINT STOCK COMPANY, HUNG VUONG CORPORATION, and SOUTHERN FISHERY INDUSTRIES COMPANY, LTD., | Before: Jennifer Choe-Groves, Judge<br><br>Consol. Court No. 18-00063 |
|     Consolidated Plaintiffs, | |
| v. | |
| UNITED STATES, | |
|     Defendant, | |
| and | |
| CATFISH FARMERS OF AMERICA, SIMMONS FARM RAISED CATFISH, INC., MAGNOLIA PROCESSING, INC., HEARTLAND CATFISH COMPANY, GUIDRY'S CATFISH, INC., DELTA PRIDE CATFISH, INC., | |

**CONSOLIDATED CATFISH COMPANIES LLC, AMERICA'S CATCH, ALABAMA CATFISH INC.,**

**Defendant-Intervenors.**

## OPINION

[Sustaining the second remand results of the U.S. Department of Commerce following the thirteenth administrative review of the antidumping duty order on certain frozen fish fillets from the Socialist Republic of Vietnam.]

Dated: September 27, 2021

Andrew B. Schroth, Jordan C. Kahn, and Ned H. Marshak, Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP, of Washington, D.C., for Plaintiff GODACO Seafood Joint Stock Company and Consolidated Plaintiff Golden Quality Seafood Corporation.

Robert G. Gosselink, Jonathan M. Freed, and Kenneth N. Hammer, Trade Pacific PLLC, of Washington, D.C., for Consolidated Plaintiffs Can Tho Import-Export Joint Stock Company, Vinh Quang Fisheries Corporation, NTSF Seafoods Joint Stock Company, Green Farms Seafood Joint Stock Company, and Hung Vuong Corporation.

Kara M. Westercamp, Trial Attorney, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With her on the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel was Hendricks Valenzuela, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Jonathan M. Zielinski, James R. Cannon, Jr., and Nicole Brunda, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Defendant-Intervenors Catfish Farmers of America, Simmons Farm Raised Catfish, Inc., Magnolia Processing, Inc. d/b/a Pride of the Pond, Heartland Catfish Company, Guidry's Catfish, Inc., Delta Pride Catfish, Inc., Consolidated Catfish Companies LLC d/b/a Country Select Catfish, America's Catch, and Alabama Catfish Inc. d/b/a Harvest Select Catfish, Inc.

Choe-Groves, Judge: This action concerns the import of frozen fish fillets, including regular, shank, and strip fillets and portions thereof, of the species *Pangasius Bocourti*, *Pangasius Hypophthalmus* (also known as *Pangasius Pangasius*), and *Pangasius Micronemus* from the Socialist Republic of Vietnam ("Vietnam"), subject to the thirteenth administrative review by the U.S. Department of Commerce ("Commerce"). Certain Frozen Fish Fillets from the Socialist Republic of Vietnam ("Final Results"), 83 Fed. Reg. 12,717 (Dep't of Commerce Mar. 23, 2018) (final results, final results of no shipments, and partial rescission of the antidumping duty admin. review; 2015–2016); see also Certain Frozen Fish Fillets from the Socialist Republic of Vietnam: Issues and Decision Mem. for the Final Results of the Thirteenth Antidumping Duty Admin. Review: 2015–2016, ECF No. 18-5 ("Final IDM"); Certain Frozen Fish Fillets from the Socialist Republic of Vietnam, 82 Fed. Reg. 42,785 (Dep't of Commerce Sept. 12, 2017) (prelim. results, prelim. determination of no shipments, and partial rescission of the antidumping duty admin. review; 2015–2016). Before the Court are the Final Results of Redetermination Pursuant to Court Remand, ECF No. 95-1 ("Second Remand Results"), which the Court ordered in GODACO Seafood Joint Stock Co. v. United States ("GODACO II"), 45 CIT __, 494 F. Supp. 3d 1294 (2021).

Defendant-Intervenors Catfish Farmers of America, Simmons Farm Raised

Catfish, Inc., Magnolia Processing, Inc. d/b/a Pride of the Pond, Heartland Catfish Co., Guidry's Catfish, Inc., Delta Pride Catfish, Inc., Consolidated Catfish Cos. LLC d/b/a Country Select Catfish, America's Catch, and Alabama Catfish, Inc. d/b/a Harvest Select Catfish, Inc. (collectively, "Defendant-Intervenors") filed comments in opposition to the Second Remand Results. Def.-Intervs.' Comments Opp'n Second Remand Results, ECF Nos. 99, 100 ("Defendant-Intervenors' Comments" or "Def.-Intervs.' Cmts."). Consolidated Plaintiffs NTSF Seafoods Joint Stock Company, Vinh Quang Fisheries Corporation, Green Farms Seafood Joint Stock Company, Hung Vuong Corporation, and Can Tho Import-Export Joint Stock Company (collectively, "Separate Rate Plaintiffs") and Defendant United States ("Defendant") responded to Defendant-Intervenors' Comments. Consol. Pls.' Resp. Comments [Def.-Interv.] Second Remand Results, ECF Nos. 101, 103 ("Separate Rate Pls.' Cmts."); Def.'s Resp. Support Second Remand Results, ECF No. 102 ("Def.'s Resp.").

The Court reviews whether Commerce's separate rate for the non-examined companies that were granted separate rate status, including Separate Rate Plaintiffs, ("all-others separate rate") is supported by substantial evidence. For the reasons discussed below, the Court holds that the all-others separate rate is supported by substantial evidence and sustains Commerce's Second Remand Results.

## BACKGROUND

The Court presumes familiarity with the underlying facts and procedural history of this case and recites the facts relevant to the Court's review of the Second Remand Results.  See GODACO II, 45 CIT at __, 494 F. Supp. 3d at 1303–07; GODACO Seafood Joint Stock Co. v. United States, 44 CIT __, __, 435 F. Supp. 3d 1342, 1347–50, 1360 (2020).

In GODACO II, the Court sustained in part and remanded in part Commerce's Final Results of Redetermination Pursuant to Court Remand, ECF No. 77-1 ("Remand Results").  GODACO II, 45 CIT at __, 494 F. Supp. 3d at 1306.  Commerce assigned Plaintiff GODACO Seafood Joint Stock Company ("GODACO") an adverse facts available ("AFA") rate of $3.87/kg, which the Court sustained.  Id. at __, 494 F. Supp. 3d at 1303.  Commerce then applied GODACO's AFA rate to the cooperating Separate Rate Plaintiffs as the purported "expected method" under 19 U.S.C. § 1673d(c)(5)(B).  Id. at __, 494 F. Supp. 3d at 1304.  The Court concluded that Commerce's application of a total AFA rate to the cooperating Separate Rate Plaintiffs was unreasonable and not supported by substantial evidence, and the Court remanded for Commerce to reevaluate the rate assigned to the Separate Rate Plaintiffs.  Id. at __, 494 F. Supp. 3d at 1306.

Under protest, Commerce revised the all-others separate rate by applying a simple average of the separate rates assigned in the four prior administrative

reviews of the antidumping duty order and assigned that average rate to the Separate Rate Plaintiffs. Second Remand Results at 9–11. Commerce revised the all-others separate rate from $3.87/kg to $0.89/kg. Id. at 11.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(i) and 28 U.S.C. § 1581(c). The Court shall hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i). The Court also reviews determinations made on remand for compliance with the Court's remand order. Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT __, __, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

### I. Legal Framework

Commerce is authorized by statute to calculate and impose a dumping margin on imported subject merchandise after determining it is sold in the United States at less than fair value. 19 U.S.C. § 1673. The statute authorizes Commerce to determine an estimated weighted average dumping margin for each individually examined exporter and producer and one all-others rate to assign to non-examined companies. Id. § 1673d(c)(1)(B). The U.S. Court of Appeals for the Federal Circuit has upheld Commerce's reliance on 19 U.S.C. § 1673d(c)(5) for

determining the estimated all-others rate "for exporters and producers from nonmarket economies that demonstrate their independence from the government but that are not individually investigated." Changzhou Hawd Flooring Co. v. United States, 848 F.3d 1006, 1011 (Fed. Cir. 2017) (citation omitted).

The general rule under the statute for calculating the all-others rate is to weight-average the estimated weighted average dumping margins established for exporters and producers individually investigated, excluding any zero and de minimis margins, and any margins determined entirely on the basis of facts available, including adverse facts available. 19 U.S.C. § 1673d(c)(5)(A). If the estimated weighted average dumping margins established for all exporters and producers individually investigated are zero or de minimis, or are determined entirely under 19 U.S.C. § 1677e, Commerce may invoke an exception to the general rule. Id. § 1673d(c)(5)(B). The Statement of Administrative Action provides guidance that when the dumping margins for all individually examined respondents are determined entirely on the basis of the facts available or are zero or de minimis, the "expected method" of determining the all-others rate is to weight-average the zero and de minimis margins and margins determined pursuant to the facts available, provided that volume data is available. Uruguay Round Agreements Act, Statement of Administrative Action ("SAA"), H.R. Doc. No. 103-316, vol. 1, at 873 (1994), reprinted in 1994 U.S.C.C.A.N. 4040, 4201.

Commerce may depart from the "expected method" and use "any reasonable method" if Commerce reasonably concludes that the expected method is not feasible or results in an average that would not be reasonably reflective of potential dumping margins for non-investigated exporters or producers. See 19 U.S.C. § 1673d(c)(5)(B); Navneet Publ'ns (India) Ltd. v. United States, 38 CIT __, __, 999 F. Supp. 2d 1354, 1358 (2014) ("[T]he following hierarchy [is applied] when calculating all-others rates—(1) the '[g]eneral rule' set forth in § 1673d(c)(5)(A), (2) the alternative 'expected method' under § 1673d(c)(5)(B), and (3) any other reasonable method when the 'expected method' is not feasible or does not reasonably reflect potential dumping margins."); see also SAA at 873, reprinted in 1994 U.S.C.C.A.N. at 4201.

## II.     Commerce's All-Others Separate Rate

### A.     Commerce's Departure from the Expected Method

On second remand, Commerce explained that it departed from the expected method under protest due to the Court's prior holding in GODACO II that Commerce's application of the AFA rate of $3.87/kg to the fully cooperating Separate Rate Plaintiffs was unreasonable. Second Remand Results at 9–11, 14–15; see also GODACO II, 45 CIT at __, 494 F. Supp. 3d at 1306. Commerce clarified that its previous methodology in the Remand Results applied the expected method, and that in the Second Remand Results, Commerce departed from the

expected method under protest and applied "any reasonable method" due to the Court's holding in GODACO II. Second Remand Results at 9–11, 14–15. Commerce reevaluated the all-others separate rate assigned to the Separate Rate Plaintiffs and assigned a revised dumping margin based on an average of the separate rates assigned in the four prior administrative reviews of the antidumping duty order. Id. at 9.

Defendant-Intervenors argue that Commerce deviated unlawfully from the expected method because the previous rate was both feasible for Commerce to calculate and there was no evidence that the rate would not be reasonably reflective of potential dumping margins. Def.-Intervs.' Cmts. at 2–4. Separate Rate Plaintiffs and Defendant ask the Court to sustain the Second Remand Results. Separate Rate Pls.' Cmts. at 7; Def.'s Resp. at 9.

Because the Court already held that Commerce's application of the expected method was unreasonable when Commerce assigned an AFA rate to the cooperating Separate Rate Plaintiffs, the Court sustains Commerce's departure from the expected method in the Second Remand Results.

### B. Commerce's Application of "Any Reasonable Method"

After determining that departure from the expected method was appropriate, Commerce used "any reasonable method" under 19 U.S.C.§ 1673d(c)(5)(B) to calculate a revised all-others separate rate by applying a simple average of the

separate rates assigned in the four prior administrative reviews of the antidumping duty order, resulting in a reduction of the all-others separate rate from $3.87/kg to $0.89/kg.  Second Remand Results at 9–11.  Defendant-Intervenors oppose this revised all-others separate rate as unreasonable and not supported by substantial evidence.  Def.-Intervs.' Cmts. at 8–9.  Separate Rate Plaintiffs and Defendant ask the Court to sustain the Second Remand Results.  See Separate Rate Pls.' Cmts. at 11–15; Def.'s Resp. at 9–10.

After departing from the "expected method," the statute allows Commerce to use "any reasonable method" to determine the all-others separate rate, subject to the Court's finding that the determination is reasonable and supported by substantial evidence on the record.  See 19 U.S.C. §§ 1673d(c)(5)(B); 1617a(b)(1)(B)(i).  Commerce explained that the selected separate rates from the previous four administrative reviews were more contemporaneous than the AFA rate previously assigned to the Separate Rate Plaintiffs in the Remand Results.  Second Remand Results at 9–11.  Commerce noted that the margins assigned to the mandatory respondents from the previous four administrative reviews accounted for the largest volume of entries to the United States and that the separate rates ranged from $0.69/kg to $1.20/kg.  Id.  Commerce stated that the simple average of the prior four separate rates accounted for any variations between the periods of review.  Id. at 10–11.

The Court holds that Commerce supported its determination with substantial evidence and it is reasonable for Commerce to assign an all-others separate rate of $0.89/kg because the revised rate is based on four separate rates from previous administrative reviews, which are no longer subject to judicial review, and averaging the separate rates from four prior reviews accounts for any variations.

## CONCLUSION

For the reasons set forth above, the Court sustains Commerce's <u>Second Remand Results.</u>

Judgment will be issued accordingly.

                                          /s/ Jennifer Choe-Groves
                                        Jennifer Choe-Groves, Judge

Dated:   September 27, 2021
            New York, New York